# RENEE M. WONG, ESQ.
## ATTORNEY AT LAW
### 401 BROADWAY, SUITE 306
### NEW YORK, NEW YORK 10013
### RENEE@WONGLAW.NET
### (917) 701-0792
### FAX: (212) 966-0588

**Filed Via ECF**

June 30, 2021

Honorable Brian M. Cogan
United States District Court Judge
Eastern District of New York
225 Cadman Plaza
Brooklyn, New York 11201

RE:    *United States v. Lewei Zheng*
          Docket No. 18-cr-407 (BMC)

Your Honor:

Please accept this letter-memorandum submitted on behalf of Lewei Zheng, who is presently scheduled to be sentenced before Your Honor on July 15, 2021. Ms. Zheng's husband and co-defendant, Silung Chung is also scheduled to be sentenced before Your Honor on this date.

Ms. Zheng pled guilty to one count of Trafficking in counterfeit goods or services, in violation of 18 U.S.C. § 2302(a). Ms. Zheng and Mr. Chung were arrested in connection with a HSI investigation related to counterfeit goods imported from the People's Republic of China. On August 16, 2018, the investigation concluded with an arrest of 21 individuals, which were prosecuted in this District.

The criminal conduct of the individual Defendants arrested in connection with this investigation is varied. Many Defendants conspired to import entire shipping containers of

infringing goods into the United States. Other Defendants would resell and/or ship the infringing imported goods throughout the country. Some of the involved Defendants would use fraudulent documents, shipping labels, and money orders to achieve the criminal conduct.

Ms. Zheng has admitted responsibility for her behavior. She understands that her conduct was in violation of the law and is very remorseful. The specific nature and circumstances of the couple's criminal behavior are very different from many of the other arrested individuals.

Ms. Zheng and Mr. Chung met and married in the United States and are both United States citizens. In 2003, both Defendants began working to import and resell non-infringing handbags and wallets. Neither have previously been arrested for an offense related to counterfeit trademarking or any other offense whatsoever.

Through years of hard work, the couple has become financially successful. Ms. Zheng opened the business entity Proya Fashion Inc. This is a family owned and operated business. There is a brick-and-mortar location at 117 W 30th Street, New York, New York. The company imports low-end fashion accessories from China and resells the products in shopping malls, chain stores, and online. Every year the company shows its products at the ASD Exposition in Las Vegas. Proya Fashion has a customer list of over retail 1,000 stores nationally. Pre-covid, the company was reporting seven figures of gross receipts from the sales of its products.

Proya Fashion has two registered trademarks, the oldest registered has been in use since 2011:



1. Serial Number 85317222; Reg Number 4079770; Backpacks, book bags, sports bags, bum bags, wallets and handbags; Evening handbags; Fashion handbags; Gentlemen's

handbags; Handbag frames; Handbags; Handbags for ladies; Handbags for men; Handbags, purses and wallets; Interchangeable decorative covers for accessorization purposes that are specially adapted to handbags; Leather handbags; Straps for handbags. FIRST USE: 20110411. FIRST USE IN COMMERCE: 20110411

2. Serial Number 88699675; Reg. Number 6089645; Eyeglass cases; Eyeglass chains; Eyeglass chains and cords; Eyeglass cords; Eyeglass frames; Eyeglass lenses; Eyeglass retaining cords; Antireflection coated eyeglasses; Cases for eyeglasses and sunglasses; Chains for eyeglasses; Eyewear, namely, sunglasses, eyeglasses and ophthalmic frames and cases therefor; Frames for eyeglasses and pince-nez; Protective eyeglasses; Reading eyeglasses; Sports training eyeglasses. FIRST USE: 20150808. FIRST USE IN COMMERCE: 20150808.



The company affixes the Proya Fashion trademark emblems to some of its handbags and accessories. Some of the company's other products do not have descriptive trademarks. Proya Fashion would import the accessories and the Proya Fashion emblems separately and affix the emblems in New York. Proya Fashion has never imported a trademark counterfeit emblem or an infringing accessory into the United States. Proya Fashion did not import the accessories with the

intention of manufacturing counterfeit goods. At the time of Ms. Zheng's arrest a search warrant was executed for both her business and her home. There were no infringing items found at either location.

In April 2015, Mr. Chung received a phone call from a confidential informant. The CI was Ms. Zheng and Mr. Chung's neighbor and friend. The CI requested that Mr. Chung help him obtain counterfeit items. Mr. Chung referred the CI to his wife. Proya Fashion had sufficient inventory to supply the CI with emblemless wallets.

Ms. Zheng was able to refer the CI to an individual that had counterfeit Michael Kor's emblems to affix to these wallets. As a result of the sale of the counterfeit wallets, Ms. Zheng was paid $21,422 in cash.

Ms. Zheng has fully accepted that she was a participant in a conspiracy to traffic counterfeit goods. She is truly remorseful that she facilitated the manufacture of the infringing items by selling her company's inventory with knowledge that counterfeit emblems would be affixed. As written in Ms. Zheng's appended letter, she feels an immense amount of shame.  As a result, she entered a plea of guilty to the offense and has fully paid the forfeiture as set forth in the plea agreement.

As stated in the plea agreement the stipulated estimated wholesale value of the goods was over $95,000. The stipulated offense level in the plea agreement is level 13.[1] Ms. Zheng has no criminal history.

---

[1] The Presentence Investigation Report includes an enhancement of +2 levels pursuant to USSG §2B5.3(b)(1)(B), however, the Government has stated it is not seeking this enhancement.

Pursuant to the plea agreements for both Ms. Zheng and Mr. Chung, there is a stipulated forfeiture money judgment in the amount of $95,000. Both Defendants have paid the full $95,000 each in February 2020.

As stated *supra*, the conduct of each of the 21 individuals arrested on August 16, 2018 greatly varies. Some Defendants have already been sentenced, and others are scheduled to be sentenced days prior to July 15, 2021. At the time of submission of this memorandum, nine Defendants have been sentenced. All Defendants have received a sentence below the guideline range. Five out of the nine Defendants have received a non-incarceratory sentence (Cheng Xu Yu; Jin Hua Zhang; Jian Hua Zhu; Cai Ying Lin; Qi Feng Liang).

Three Defendants were sentenced to Time Served in docket number 18-CR-396. Two of those Defendants were released on bond the same day of arrest. The other Defendant was released on bond approximately four days after his arrest. All three of these Defendants had a stipulated guideline range of level 17, and no criminal history.

The Defendant Cai Ying Lin on docket number 18-CR-396, received a sentence of two years probation. Ms. Lin also had a stipulated guideline level of 13, however, she had prior arrests for similar conduct.

It is respectfully submitted, that an incarceratory sentence for Ms. Zhang would create an unwarranted sentencing disparity.

Ms. Zheng's history and characteristics are laid out in the PSR. Ms. Zheng was born in China. In 1997, Ms. Zheng married her husband, co-defendant Silung Chung. The couple met in New York. Both Ms. Zheng and her husband are naturalized United States citizens. Together they have two children.

Ms. Zheng grew up in meager financial circumstances. She has a limited education and only completed junior high school in China. She immigrated to the United States at twenty-years old to build a better future. The amount of financial success she has achieved is commensurate with the dedication and hard work she puts into her business efforts.

The couple's proudest achievement is raising well educated and kind children. Both of their children aspire to have meaningful careers in healthcare. Their son Jack Chung recently graduated from NYU after studying medicine. Their daughter Jenny Chung is a first-year student at the Sophie Davis School of Biomedical Education in the BS/MD program.

Appended to this letter-memorandum are letters from Ms. Zheng's family and friends. The letters contain concrete and specific examples demonstrating Ms. Zheng's compassionate nature. A common theme throughout these letters is that Ms. Zheng is a very warm-hearted person that values helping others. Her children, sister, cousin, nephew, and family friends have written to Your Honor requesting leniency for a woman that they love very much.

She has shown remorse for this crime and is highly unlikely to ever commit any future offenses. A sentence of time served would be sufficient, but not greater than necessary to achieve the sentencing goals of 18 U.S.C. § 3553(a).

On behalf of Ms. Zheng and her children, family, and friends I am respectfully requesting that Your Honor impose a non-incarceratory sentence.

Respectfully submitted,

/s/Renee M. Wong
Renee M. Wong, Esq.